UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14031-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TOMMY LEE CARTER,

    Defendant.
_____/

FILED by _____ D.C.

MAR 1 0 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S PRO SE NOTICE OF APPEAL [D.E. #72] AND THE ELEVENTH CIRCUIT COURT OF APPEALS' LIMITED REMAND [D.E. #77]

**THIS CAUSE** having come before this Court upon an Order of Reference from the District Court in respect to the limited remand from the Eleventh Circuit Court of Appeals concerning the Defendant's untimely filing of his Notice of Appeal, and this Court having conducted an evidentiary hearing on March 10, 2009, at which time testimony was received from the Defendant, this Court makes the following recommendation:

    1.    The Order of the Eleventh Circuit Court of Appeals dated December 16, 2008 asserts that the Defendant's Notice of Appeal was untimely filed in respect to the District Court's Order granting the Defendant's Motion For Reduction Of Sentence pursuant to Judge Moore's Order of October 23, 2008. The Order of the Court of Appeals goes on to remand this matter to this Court on a limited basis for a determination of excusable neglect or good cause.

    2.    This Court questioned the Defendant under oath. He testified that he did not receive Judge Moore's Order until November 5, 2008, as reflected on the copy of the envelope attached as an exhibit to his Notice of Appeal [D.E. #72]. There is a notation by one of the prison officials on that envelope which reflects that Judge Moore's Order was

1

received on November 5, 2008. The Defendant testified that he then filed his Notice of Appeal on November 9, 2008.

3. The Defendant has been housed at the Bureau of Prisons facility in Coleman during his entire sentence. There is no indication that the prison was on lockdown or that there was any other reason for a delay in the mails. It is somewhat bothersome to this Court that it takes thirteen days for a copy of an order to reach an inmate from Judge Moore's Chambers in Miami to the Bureau of Prisons facility in Coleman, which is in the middle part of the State of Florida. There is nothing to indicate that the Defendant had any hand in this delay. Further, there is no reason to believe that the Clerk of Court or Judge Moore's Chambers caused the delay. There must be some delay in the mail system at Coleman which delays inmates' mail from getting to them in a timely fashion so that they can properly exercise their appellate rights.

4. Nevertheless, the government did not have any evidence to the contrary. According to the only evidence before this Court as given by the Defendant, he did not have the Court Order from Judge Moore until November 5, 2008. He certainly could not have filed a notice of appeal of an order of which he had no knowledge until November 5, 2008. The delay in the Bureau of Prisons getting the mail to the Defendant is good cause or excusable neglect for such an untimely filing of the Notice of Appeal in this matter. See United States v. Bell, 2008 WL 2954142 (M.D. Fla. 2008). Therefore, this Court will recommend that since the Notice of Appeal was filed within the additional time permitted for filing of a motion for extension of time to file an appeal, that his Notice of Appeal be construed as such and that the Notice of Appeal be found to be timely based upon good cause or excusable neglect as referenced above in respect to the prison mail delivery to the Defendant.

5.  At the conclusion of the hearing, the Defendant asked how he could dismiss his appeal. This Court advised the Defendant that it could not dismiss his appeal. If he wished to do so, he needed to file a notice of voluntary dismissal and forward it to the Court. If that occurs, then his appeal would be dismissed upon his request. However, this Court made certain that the Defendant understood that this Court was finding that his appeal could go forward based upon good cause or excusable neglect in respect to the delivery of Judge Moore's Order to him in an untimely fashion. This Court asked the Defendant if he wished for this Court to place within its Report and Recommendation that he is considering a dismissal of his appeal and he requested that the Court do so.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's untimely Notice of Appeal [D.E. #72] be considered a motion for extension of time under Fed.R.App.P. 4(b)(4) and that the Defendant's Notice of Appeal be found to be timely filed based upon good cause or excusable neglect as referenced by this Court herein.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this ___day of March, 2009, at Ft. Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:
Hon. K. Michael Moore
AUSA Jennifer Millien
Clerk, 11th Circuit Court of Appeals
Tommy Lee Carter, Reg. No. 76000-004
  FCC Coleman (Medium)
  P.O. Box 1032
  Coleman, FL 33521-1032